UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

07 AUG 13 PM 3: 11

JOHN MATTHEW WOOLDRIDGE,           )
                                    )
                    PLAINTIFF       )
                                    )
                                    )    CIVIL ACTION NO. ___3:07cv-421-S___
vs.                                 )
                                    )
LOUISVILLE METRO                    )
POLICE DEPARTMENT                   )
Serve:      Police Chief Robert White )
            633 West Jefferson Street  )
            Louisville, KY  40202      )
                                    )
and                                 )
                                    )
MICHAEL DELBERT BONZO               )
Individually and in his official capacity, )
Former Jefferson County Police Officer )
880 Lincoln Park Road               )
Springfield, KY 40069               )    **VERIFIED COMPLAINT**
                                    )    **PLAINTIFF DEMANDS**
and                                 )    **JURY TRIAL**
                                    )
LOUISVILLE-JEFFERSON COUNTY         )
METROPOLITAN GOVERNMENT             )
Serve:      Jerry Abramson, Mayor   )
            Louisville Metro Hall   )
            527 West Jefferson Street )
            Louisville, KY  40202    )
                                    )
                    DEFENDANTS       )
_____)

## COMPLAINT

## I. INTRODUCTION

1.      This is a complaint for money damages under 42 U.S.C. § 1983 and other federal

and state laws against Defendants, Louisville Metro Police Department ("LMPD"), Michael

Delbert Bonzo ("Defendant Officer Bonzo"), a former LMPD Officer, and Louisville-Jefferson

County Metro Government, which stem from the Defendant Officer Bonzo's violations of the John Matthew Wooldridge's constitutional and statutory rights.   John Matthew Wooldridge ("Plaintiff") alleges that Defendant Officer Bonzo intentionally withheld exculpatory evidence that deprived the Plaintiff of his right to Due Process and his right to a Fair Trial, as guaranteed by the Fourteenth Amendment of the United States Constitution.   The Plaintiff alleges that Defendant Officer Bonzo violated his right to be free from unreasonable seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution and state tort law.   The Plaintiff alleges that Defendant Officer Bonzo, engaged in the malicious prosecution of Plaintiff and engaged in Abuse of Process by falsely swearing out warrants, which were not based upon probable cause, for the arrest of Plaintiff Wooldridge.   The Plaintiff alleges that Defendant Officer Bonzo engaged in Abuse of Legal Process when he arrested Plaintiff Wooldridge on September 15, 2006.   Plaintiff further alleges that Defendant Officer Bonzo acted negligently, recklessly or wantonly, and within the course and scope of his employment or, in the alternative, that he acted intentionally, and maliciously, thereby violating Plaintiff Wooldridge's rights under Kentucky tort law.   As a result, Plaintiff has incurred injuries, mental anguish, physical injury, and financial injury, all to his detriment.

## II. JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3.      Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391.

### III. <u>PARTIES</u>

5.     The Plaintiff, John Matthew Wooldridge, is and was at all times relevant herein a citizen of the United States and a resident of the City of Louisville, County of Jefferson and Commonwealth of Kentucky.

6.     The Defendant, Michael Delbert Bonzo, was at all times relevant to this action, a police officer employed by the Louisville Metro Police Department ("LMPD"), and was acting within the course and scope of his employment, and as an agent, servant, and/or employee of LMPD.  That at all times mentioned herein, Defendant Officer Bonzo was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs of the State of Kentucky and the City of Louisville.

7.     The Defendant, Louisville-Jefferson County Metropolitan Government, is the successor government to the merged governments of the former City of Louisville and former Jefferson County pursuant to KRS 67C.101.  This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is sui generis, and is the real party in interest to each of its included agencies, including the named Louisville Metro Police Department.   That at all times mentioned herein, Defendants Louisville-Jefferson County Metropolitan Government and LMPD were responsible for the establishment of policies, either formal or informal, or by custom and further was responsible for the employment, training, supervision and of conduct of Defendant Officer Bonzo.

### IV. <u>FACTUAL ALLEGATIONS</u>

8.     On or about August 13, 2006, LMPD Officer Michael Delbert Bonzo investigated an incident in which Kathryn L. Zimmerer (who was then dating Plaintiff Wooldridge and living at his house) alleged that Plaintiff Wooldridge committed acts of domestic violence against her. Following his interview of Kathryn Zimmerer, Officer Bonzo swore out a criminal complaint

against Plaintiff Wooldridge on August 15, 2006, which charged him with several offenses in case 06-F-009711.

9.     After Wooldridge's subsequent arrest and arraignment, the case was continued until September 7, 2006. On this date, upon which the complaining witness, Officer Bonzo, and Wooldridge were present, a guilty plea was entered to Assault in the Fourth Degree. Wooldridge's sentence consisted of a 180 day jail term that was conditionally discharged for two years.

10.     Two weeks later, Wooldridge was again charged with domestic violence against Kathryn Zimmerer in case 06-F-11271. Again, Officer Michael Delbert Bonzo acted as the complaining witness swearing out a warrant against Plaintiff Wooldridge on September 19, 2006. The Plaintiff Wooldridge was arraigned on these charges on September 22, 2006, at which time the Commonwealth filed a written motion to revoke his conditionally discharged sentence based upon the new allegations and his alleged failure to comply with the court's no contact order with Kathryn Zimmerer.

11.     The Commonwealth insisted upon an expedited hearing date to revoke Plaintiff's probation which was granted for September 26, 2006. At the evidentiary hearing the only witness to testify to substantiate the allegations of Kathryn Zimmerer was Officer Bonzo, the complaining witness. At the conclusion of the hearing the Judge ruled, specifically citing Officer Bonzo's testimony and reliability as a witness, to revoke 90 days of the Plaintiff's sentence.

12.     While the charges in Case 06-F-11271 were pending trial, discovery requests were made on behalf of Wooldridge, and pursuant to these requests, the Commonwealth obtained cellular phone records from Officer Bonzo and Kathryn Zimmerer, which dated back to August 1, 2006 and included records of all calls to the end of September 2006. The cellular phone records indicated that Officer Bonzo and Kathryn Zimmerer had literally made thousands

of phone calls to each other starting on August 13, 2006, the day the original charges were alleged against Plaintiff Wooldridge, and continued uninterrupted for the entire time period of the requested records.  Officer Bonzo also admitted to meeting with Kathryn Zimmerer on several occasions which he did not report to the prosecution nor to defense counsel.

13.    The charges relating to case 06-F-11271,which formed the basis for the partial revocation of Plaintiff's conditionally discharged sentence, were dismissed upon motion of the Commonwealth. The motion was sustained on November 28, 2006.

14.  On January 16, 2007, Officer Bonzo was charged by a Louisville Metro Detective with the Public Integrity Unit with the offense of False Swearing for testifying untruthfully under oath as the Commonwealth's witness during the Plaintiff's revocation hearing, which took place on September 26, 2006 and September 27, 2006.

15.  On February 2, 2007, Officer Bonzo entered a plea of guilty to this charge of False Swearing, and received a conditionally discharged sentence of 90 days in jail.

16.  On January 31, 2007, a Professional Standards Investigation of the Louisville Metro Police Department was initiated regarding Officer Bonzo's testimony in Plaintiff Wooldridge's revocation hearing.  The investigation was closed when Officer Bonzo resigned from the Louisville Metro Police Department.

17.  Plaintiff Wooldridge has subsequently filed a motion in Jefferson County District Court to have his plea of guilty in case 06-F-009711 set aside based upon Officer Bonzo's perjury and Officer Bonzo's failure to turn over to the prosecution and to the defense the clearly exculpatory evidence of his relationship with Kathryn Zimmerer.

18.  On August 7, 2007, a hearing was held on Plaintiff Wooldridge's motion to set aside his plea and former LMPD Officer Bonzo was called to testify.  During his testimony, Defendant Officer Bonzo admitted under oath that during the time period under which charges were

pending against Plaintiff Wooldridge, he was involved in a romantic relationship with the prosecution's witness, Kathryn Zimmerer.

## V.  CAUSES OF ACTION

### Count I:  Denial of Plaintiff's Right to a Fair Trial and Due Process

19.     Officer Bonzo's failure to reveal the romantic nature of his relationship with the prosecution's witness, Kathryn Zimmerer, denied Plaintiff Wooldridge his right to due process and a fair trial.  Officer Bonzo intentionally withheld exculpatory and impeachment evidence; his romantic involvement with the witness, the numerous telephone conversations that occurred between himself and Kathryn Zimmerer, and the frequent meetings that took place between them.  This evidence would have been crucial in preparing a defense to the allegations contained in the complaint sworn out by Officer Bonzo against Plaintiff Wooldridge on August 15, 2006.

20.     Officer Bonzo thus deprived Plaintiff Wooldridge of his rights secured by the Fourteenth Amendment to the United States Constitution, his right to Due Process and his Right to a fair trial.

21.     As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

### Count II:  Denial of Plaintiff's Right to a Fair Trial and Due Process

22.     Paragraphs 1-21 are incorporated herein by reference.

23.     On September 19, 2006, Defendant, Officer Bonzo, swore out a second criminal complaint against Plaintiff Wooldridge despite Defendant Bonzo's romantic relationship with the witness, Kathryn Zimmerer.  Defendant Bonzo failed to turn over impeachment and exculpatory evidence that was highly relevant.

24.     On September 26, 2006 and September 27, 2006, hearings were held to revoke Plaintiff Wooldridge's probation based upon the new allegations falsely sworn to by Officer

Bonzo.  As a consequence of these new charges, 90 days of Plaintiff Wooldridge's conditionally discharged sentence were revoked and Plaintiff Wooldridge was incarcerated.

25.     Defendant Officer Bonzo's intentional failure to disclose his romantic relationship between himself and the prosecution's witness, Kathryn Zimmerer, in addition to the thousands of telephone calls private meetings between them, violated Plaintiff Wooldridge's right to a fair trial and due process as secured by the Fourteenth Amendment to the United States Constitution.

26.     As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

### Count: III Abuse of Process

27.     Paragraphs 1-26 are incorporated herein by reference.

28.     Officer Bonzo's swearing out a warrant and criminal complaint on August 15, 2006 against Plaintiff Wooldridge was pursued with an ulterior purpose, that of pursuing his relationship with Kathryn Zimmerer and to intimidate and harass Plaintiff Wooldridge.  Officer Bonzo willfully withheld evidence and abused his authority to further this ulterior purpose.

29.     Defendant Bonzo thus has deprived Plaintiff Wooldridge of his rights secured by Kentucky Tort law by Abusing the Legal Process for his own ulterior motives.

30.     As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

### Count IV:  Malicious Prosecution

31.     Paragraphs 1-30 are incorporated herein by reference.

32.     On September 19, 2006, the Defendant, Officer Bonzo, falsely, maliciously, and without probable cause, charged Plaintiff Wooldridge with Intimidating a Witness in a Legal

Proceeding, Assault in the Fourth Degree, Unlawful Imprisonment, and Violation of an EPO, by swearing to a false affidavit.

33.    On September 22, 2006, Plaintiff Wooldridge was arrested and subsequently arraigned on said charges.

34.    On September 26, 2006 and September 27, 2006, hearings were held to revoke Plaintiff's probation based upon the new allegations falsely sworn to by Officer Bonzo. As a consequence of these new charges, 90 days of Plaintiff Wooldridge's conditionally discharged sentence were revoked and Plaintiff Wooldridge was incarcerated.

35.    On November 28, 2006, upon motion of the County Attorney, the prosecution moved to dismiss the charges against Plaintiff Wooldridge based upon the discovery that Officer Bonzo had withheld exculpatory evidence in cases 06-F-009711 and 06-F-011271.  Officer Bonzo had intentionally withheld information about his romantic relationship with the witness, Kathryn Zimmerer.  Officer Bonzo had failed to disclose that he had called, and received calls from, the witness Kathryn Zimmerer that numbered in the thousands.  It was also determined that Officer Bonzo had committed perjury at the revocation hearing of Plaintiff Wooldridge.  At a hearing on August 7, 2007, Defendant Officer Bonzo testified that his relationship with Kathryn Zimmerer was romantic in nature.

36.  On November 28, 2006, Plaintiff Wooldridge was released from custody due to these revelations.

37.  A motion has been made in Jefferson District Court to set aside the plea agreement of Plaintiff Wooldridge and is currently under consideration by the court.

### Count V:  Abuse of Process

38.    Paragraphs 1-37 are herein incorporated by reference.

39.     Defendant Bonzo's swearing out a criminal complaint against Plaintiff Wooldridge on September 19, 2006 was pursued with an improper purpose and with the ulterior motive of pursuing his romantic relationship with Kathryn Zimmerer, and to intimidate and harass Plaintiff Wooldridge.

40.     To pursue this ulterior motive Defendant Bonzo gave false testimony concerning his relationship with Kathryn Zimmerer during a revocation hearing of the Plaintiff's conditionally discharged sentence.  The revocation hearing was motivated by the false charges swore out by Defendant Bonzo.  Defendant Bonzo also intentionally and maliciously failed to disclose to the prosecutor or to defense counsel, exculpatory and impeachment evidence concerning the thousands of phone calls between him and Kathryn Zimmerer.

41.     Defendant Officer Bonzo thus has deprived Plaintiff Wooldridge of rights secured by Kentucky tort law when he Abused the Legal Process for his own improper motives.

## Count VI:  Abuse of Process

42.     Paragraphs 1-41 are herein incorporated by reference

43.     On September 15, 2006, Defendant Officer Bonzo pulled over Plaintiff Wooldridge in his automobile without probable cause and arrested him.

44.     Officer Bonzo pulled over Plaintiff Wooldridge and arrested him as part of a general and ongoing effort to harass and intimidate Plaintiff Wooldridge in order to pursue a relationship with the witness Kathryn Zimmerer.  These actions were pursued with an ulterior and improper motive.

45.     Defendant Officer Bonzo thus has deprived Plaintiff Wooldridge of his rights secured by Kentucky tort law when he Abused the Legal Process for his own improper motives.

46.     As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

## Count VII:  Unreasonable Seizure, False Arrest, False Imprisonment

47.    Paragraphs 1-46 are herein incorporated by reference.

48.    Defendant Officer Bonzo's continued swearing to falsified complaints, perjured testimony, and withholding of exculpatory evidence resulted in the repeated false arrests and improper incarcerations of Plaintiff Wooldridge.

49.    In the act and process of unlawfully arresting Plaintiff Wooldridge, Defendants intentionally and maliciously detained Plaintiff contrary to his will and without authority of law.

50.    Plaintiff knew of his detention and as a direct result suffered physical harm, fright, shame, and indignity.

51.    Defendant Officer Bonzo thus has deprived Plaintiff Wooldridge of his rights to be free from Unreasonable Seizures as guaranteed by the Fourth and Fourteenth Amendment, as well violated Plaintiff Wooldridge's rights secured by Kentucky tort law.

52.    As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

## Count VIII:  Intentional Infliction of Emotional Distress

53.    Paragraphs 1-52 are herein incorporated by reference.

54.    Defendant Officer Bonzo's intentional abuse of Plaintiff Wooldridge's rights by withholding evidence, falsely swearing in court, abusing the legal process, and maliciously prosecuting the Plaintiff Wooldridge, all so that Defendant Officer Bonzo could pursue a relationship with Plaintiff Wooldridge's former girlfriend, Kathryn Zimmerer, was extreme and outrageous conduct that caused Plaintiff to suffer physical and emotional distress.

55.    In intentionally wrongfully arresting and prosecuting Plaintiff, Defendant Officer Bonzo acted in a manner offensive to the generally accepted societal standards of decency and morality.

56. The Defendant Officer Bonzo's intentional acts thus deprived Plaintiff Wooldridge of his right to be free from extreme emotional distress as protected by Kentucky tort law.

57. As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

## Count IX: Negligent Hiring, Supervision and Retention

58. Paragraphs 1-57 are herein incorporated by reference.

59. Defendants Louisville-Jefferson County Metro Government and Louisville Metro Police Department had a duty to Plaintiff Wooldridge to use reasonable care in hiring, supervision, and retention of competent persons to work on behalf of members of the community and based on all of the foregoing allegations, Defendants Louisville-Jefferson County Metro Government and Louisville Metro Police Department breached that duty and, as a proximate result, Plaintiff Wooldridge was injured economically, emotionally, and mentally, therefore entitling him to an award of compensatory damages and attorney's fees, and as the conduct herein alleged on the part of Defendant Officer Bonzo was oppressive and malicious, or grossly negligent, it entitles Plaintiff Wooldridge to an award of punitive damages.

60. As a result, Plaintiff has incurred injuries including, but not limited to, mental anguish, physical injury, and financial injury, all to his detriment.

## Count X: Punitive Damages

61. Paragraphs 1-60 are herein incorporated by reference.

62. Defendant Officer Bonzo's conduct was so willful, wanton, malicious, and in utter disregard for Plaintiff Wooldridge's rights as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1.      Trial by jury on any and all issues so triable;

2.      An award of compensatory and punitive damages against the named Defendants jointly and severally;

3.      Recovery of his cost, including reasonable attorney's fees, under 42 U.S.C. Section 1988; and

4.      All other relief to which he may be entitled.


## VERIFICATION

I, JOHN MATTHEW WOOLDRIDGE, have read the foregoing Complaint and the statements contained therein are true and accurate to the best of my knowledge and belief.

JOHN MATTHEW WOOLDRIDGE

Subscribed and sworn to before me by
John Matthew Wooldridge,
on this 13th day of August 2007.

My Commission expires: 7/3/2011

NOTARY PUBLIC

Respectfully submitted,

R. CLAYTON MASTERSON
Kentucky Home Life Building
239 S. Fifth Street, Suite 1610
Louisville, Kentucky  40202
(502) 552-5620
*Counsel for Plaintiff*